UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 12 CR 50065 |
| | ) | Judge Iain D. Johnston |
| Robert T. Roach, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Robert Roach has filed a motion under the First Step Act seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his health and because of a change in the law under which he contends that his sentence would have been shorter. For the reasons that follow, Mr. Roach's motion [88] is denied.

**BACKGROUND**

Mr. Roach was indicted on three counts including (1) possession with intent to distribute just over 90 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug offense, *see* 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a felon, *see* 18 U.S.C. 922(g). Dkt. 1. He pleaded guilty to the two drug-related offenses, and consistent with the plea agreement the government dismissed the felony possession charge. Dkts. 30, 31, 47. As part of the plea agreement, Mr. Roach waived his right to appeal or to file a motion under 28 U.S.C. § 2255 to challenge his conviction, sentence, or his attorney's failure or refusal to file a notice of appeal. Dkt. 31. However, he did not waive his right to seek a sentence reduction based on a retroactive change in the law. *Id.* At Mr. Roach's sentencing in May 2014, the district judge determined that under the U.S. Sentencing Guidelines Mr. Roach was a career offender based on three prior state drug convictions, and sentenced him to 262 months' imprisonment followed by 5 years' supervised release. Dkt. 47. His projected release date is August 2031.

Mr. Roach filed an appeal and two motions under 28 U.S.C. § 2255, but in each case his attempts to obtain post-judgment relief failed when the court enforced the appellate and collateral waiver in the plea agreement. *See United States v. Roach*, 600 F. App'x 472 (7th Cir. 2015); *United States v. Roach*, No. 16 CV 50106, 2016 U.S. Dist. LEXIS 73090 (N.D. Ill. June 6, 2016); *United States v. Roach*, No. 16 CV 50221, 2017 U.S. Dist. LEXIS 223604 (N.D. Ill. Mar. 23, 2017). He also attempted to challenge his sentence by filing a petition for habeas relief under 28 U.S.C. § 2241, but the court denied his petition because Mr. Roach's claim did not fall within the savings clause of § 2255(e), and therefore he could not proceed under § 2241. *See Roach v. Werlich*, No. 17 CV 850, 2019 U.S. Dist. LEXIS 140106 (S.D. Ill. Aug. 19, 2019).

Mr. Roach now seeks relief under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Upon receipt of his initial motion, the Court assigned the federal defender to assist Mr. Roach, and the federal defender filed a supplement to the pro se motion. As always, the Court thanks the federal defender for the assistance with this case. In his filings, Mr. Roach offers two arguments in favor of a sentence reduction under the Act: (1) he suffers from asthma and is therefore at an increased risk of severe illness from COVID-19; and (2) recent Seventh Circuit decisions have limited what prior convictions can serve as predicate offenses for sentencing enhancements.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons or by the defendant himself. 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons," must take into account the sentencing factors set out at 18 U.S.C. § 3553(a), and must be consistent with the applicable policy statements issued by the U.S. Sentencing Commission. Before filing such a motion, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. 28 U.S.C. § 3582(c)(1)(A). It is undisputed that Mr. Roach exhausted his administrative remedies before filing his motion under the First Step Act. Dkt. 99 at 9.

The Court begins with Mr. Roach's argument that he is entitled to early release because of his increased health risks due to COVID-19. The Court prefaces this discussion with the recognition that it, as well as the rest of the world, is still learning about the virus and therefore, is making its best judgments bases upon the information that is currently available. According to his supplemental motion, he suffers from asthma, which he manages through use of a mometasone furoate inhaler daily, and an albuterol inhaler as needed, citing in support his medical records from the facility where he is housed. Dkt. 93 at 3 (citing Dkt. 94 at 3). He notes that moderate to severe asthma is among the conditions that increase the risk for severe illness from the virus that causes COVID-19, citing in support guidelines from the Centers for Disease Control. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 1/11/2021). However, the CDC guidelines address only "moderate to severe" asthma, and even then it is among the conditions that *might* present an increased risk, as opposed to the list of conditions that *are* increased risks, such as lung and heart conditions or being immunocompromised. *Id.* According to Mr. Roach's medical records, his asthma was recently found to be "stable" and in "good control." *See* Dkt. 94 at A.4 (medical notes from April 2019) and A.29 (medical notes from May 2020). The Court notes that Mr. Roach believes he has already recovered from COVID-19 once, and although that does not necessarily mean he cannot contract it again, the fact that he reports no serious complications from his first infection does not lend support to his contention that he is at a greater risk of a severe illness. On the whole, Mr. Roach has not established that his well-controlled asthma places him at any greater risk of severe illness from COVID-19 than other inmates.

Next, Mr. Roach contends that he is entitled to early release because of recent court decisions limiting the types of prior convictions that can be used to support sentencing enhancements. Specifically, he relies on the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), cases which also involved prior state offenses used for sentencing enhancements. The enhancements in *Mathis* and *Ruth* involved federal statutes that defined the types of offenses that could serve as predicates: "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 922(g) in *Mathis*, 136 S.Ct. at 2250, and "felony drug offense" under the Controlled Substances Act, 21 U.S.C. §§ 841(b)(1)(C), 851, in *Ruth*, 966 F.3d at 644. But the issue in those cases was whether the state offenses used as predicates included conduct that was broader than the federal or generic version of the same offense, the determination of which involves application of what courts call the categorical approach. *See Mathis*¸136 S. Ct. at 2248; *Ruth*, 966 F.3d at 647.

Mr. Roach's sentence did not include a sentencing enhancement under § 922(g), § 841, § 851, or any other federal statute. Rather, the sentencing judge relied on Mr. Roach's prior state offenses to enhance his sentence under the U.S. Sentencing Guidelines because he was a career offender, which is when a "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," or possession with intent to do any of those things. U.S.S.G. § 4B1.2(b). In *Ruth*, the Seventh Circuit reiterated that the Guideline's use of "controlled substance offense" does not incorporate or in any way refer to federal statutory definitions of controlled substance offenses, and therefore does not implicate the categorical approach. *Ruth*, 966 F.3d at 652. Accordingly, these cases do not support Mr. Roach's contention that recent changes limit the use of prior convictions like his under the career offender provisions of the U.S. Sentencing Guidelines. Mr. Roach also relies on *Wadlington v. Werlich*, No. 17 CV 449, 2020 U.S. Dist. LEXIS 61340 (S.D. Ill. Apr. 7, 2020). But that case is distinguishable because, as Mr. Roach acknowledges and the case itself points out, its analysis applies only to sentences imposed when the Guidelines were mandatory, whereas Mr. Roach's Guidelines range was advisory. *Id.* at *26-27.

Because Mr. Roach has not established that he is at any greater risk than anyone else of a serious illness because of COVID-19, or that his sentence would have been affected by the recent cases he has cited, he has not established any extraordinary and compelling reason for reducing his sentence under the First Step Act. But even if those reasons, either separately or together, were extraordinary and compelling, the Courts' review of the sentencing factors set out in 18 U.S.C. § 3553(a) would still not favor any reduction. Under 18 U.S.C. § 3553(a), the court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, which are the following:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from future crimes by the defendant; and

    (D)       to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). To those ends, the court must take into account the following factors:

    (1)       the nature and circumstances of the offense and the history and characteristics of the defendant;

            . . .

    (3)       the kinds of sentence available;
    (4)       the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];
    (5)       any pertinent policy statement [in the Sentencing Guidelines];
    (6)       the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7)       the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1-7).

      Mr. Roach notes that while incarcerated, he has completed 13 adult education courses earning 110 hours of credit and has become a self-taught artist. Dkt. 88 at 21. He also notes that he embarked on these efforts to rehabilitate himself long before the decision in *Mathis* and the amendments to the First Step Act, and therefore did not do so solely to look good in a motion for a reduced sentence. *Id.* at 21-22. The Court commends Mr. Roach on his accomplishments, and takes them into account under § 3553 as favorable characteristics. But the Court must balance his accomplishments against the other sentencing factors and so must also note the defendant's criminal history, including a conviction for kidnapping, which placed him in Criminal History Category V, his history of violating the conditions of supervision and probation, and the seriousness of the underlying offense which involved distributing crack cocaine, possession of an assault rifle and ammunition, his possession of numerous other controlled substances, operating his drug enterprise near a church, and committing his offense less than two years after being released from incarceration. Dkts. 32, 34. The Court also notes that while serving his current sentence, he has been disciplined for possession a hazardous tool, possessing drugs, and fighting. Dkt. 92 at 6-7. Based upon its review of the sentencing factors, the Court would not be inclined to modify Mr. Roach's sentence.

      Finally, the Court notes Mr. Roach's argument that because other courts have held that he is foreclosed from challenging his sentencing through any other means, such as motions under § 2255 or § 2241, this Court should reduce his sentence under the First Step Act instead. In support, he cites to cases in which courts modified sentences under the First Step Act based on changes to a federal criminal statute that lowered sentences for defendants convicted of multiple, or "stacked," counts of using a firearm during a crime of violence. *See, e.g. United States v. Wade-Waiver*, No. 99 CR 257, 2020 U.S. Dist. LEXIS 69474 (C.D. Cal. Apr. 13, 2020). But those cases never addressed using the First Step Act to do an end run around habeas statutes which foreclosed relief. In any event, as discussed above, *Mathis* and *Ruth* did not place new

limits on what state offenses can be used as predicate offenses under U.S.S.G. § 4B1.1(a), and so there is no change in relevant law upon which to base a sentence modification under the First Step Act.

## CONCLUSION

For the reasons given, Mr. Roach's motion for a sentence reduction under the First Step Act is denied.

Date: January 11, 2021    By: _____
    Iain D. Johnston
    United States District Judge